## UNITED STATES v. BANTE.

District Court, S. D. New York.
Dec. 21, 1943.

James B. M. McNally, U. S. Atty., of New York City (Louis Bender, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Daniel Jacobson, of New York City, for defendant.

KNOX, District Judge.

This suit is brought under the provisions of Section 338 of the Nationality Act of 1940, 8 U.S.C.A. § 738, and its purpose is to cancel defendant's certificate of

naturalization for the alleged reason that it was fraudulently and illegally obtained.

Defendant, a native of Germany, was admitted to citizenship by this court on January 10, 1938, and in the course of the proceedings took the statutory oath of allegiance to the United States. Shortly thereafter a certificate of naturalization, No. 4,221,283, was issued to him.

After these recitals, the complaint charges that within five years prior to his admission to citizenship defendant became a member of a society known as "Friends of New Germany," later designated as the "German American Bund, a militant organization of free Americans." This organization, it is said, (1) advocated and instilled in each of its adherents, regardless of his status as a citizen of the United States, a lack of attachment to the principles of the Constitution of the United States, and sought to make them ill-disposed to the good order and happiness of the United States; (2) encouraged, fostered and demanded supreme and unswerving allegiance and fidelity to Germany upon the part of its adherents; and (3) engaged in the furtherance of the totalitarian principles of German National Socialism, all to the end that its adherents would fail to support, and defend, the Constitution and laws of the United States against their foreign and domestic enemies.

It is charged also that defendant, at or about the time of his naturalization, gave assistance to an agent of Germany who was then operating here on behalf of Germany, and that, subsequent to the date of his admission to citizenship, he collaborated and consorted with German agents for the purpose of advancing the interests (presumably subversive) of Germany within the United States. Furthermore, it is said, and this is found as a fact, that defendant, on June 28, 1941, entered a plea of guilty in the United States District Court for the Eastern District of New York to an indictment which charged him with having conspired with others to act as an unregistered agent of the German Reich. For this offense, Bante was sentenced to imprisonment for eighteen months, and thereafter confined in the Federal Correctional Institution at Sandstone, Minnesota. While there incarcerated, he was served with process in this action.

Upon the basis of these allegations, the Government claims that Bante—(a) at the time of filing his petition for citizenship, and upon his admission thereto, was not attached to the Constitution, and was not well disposed to the good order and happiness of the United States; (b) did not intend, when taking his oath of allegiance to this country, to renounce and abjure all allegiance and fidelity to the German Reich; (c) took such oath with a mental reservation which nullified the same; (d) did not intend to support the Constitution and laws of the United States against all enemies; (e) did not intend to bear true faith and allegiance to the United States, and their Constitution and laws; (f) has not supported them against their enemies, and has not borne the United States true faith and allegiance; and (g) was not attached to the principles of the Constitution, nor well disposed to the good order and happiness of the United States for the statutory period required by law.

Answer to complaint was made by a letter which reads as follows:

"Sandstone, Minnesota
"February 24, 1943

"Mr. Mathias F. Correa,
"U. S. Attorney for the So. Dist. of New York,
"United States Courthouse
"Foley Square,
"New York City, N. Y.
"Re:Civil Action 20–147
"Sir:

"In answer to this summons I wish to state that I desire a hearing which I feel is vitally necessary in this matter.

"I emphatically deny any and all of the summons' allegations, which as stated in the summons are supposedly based on information and beliefs of the plaintiff: that I did not do my duty as an American citizen.

"Due to the present war hysteria and witch-hunt against Americans of German descent, I feel that I am being made an innocent and unwilling victim of this malady.

"I have always cherished, respected and upheld the principles of the Constitution of the United States and hope to be in a position to continue to do so.

"Upon my release from the Federal Correctional Institution, Sandstone, Minnesota, where I am not (now) incarcerated, I wish to be given a full hearing where I can answer this complaint at length.

"Yours truly,
"Paul Bante (Sgd)
"PMB 1156,
"Sandstone, Minnesota"

Issue being thus joined, trial was had; the defendant being represented by counsel.

Upon the hearing, the parties stipulated that certain findings of fact 1 to 24, inclusive, made by Judge Bright of this court in the case of United States v. Kuhn, D.C., 49 F.Supp. 407, and filed May 26, 1942, should be taken as true, and constitute the findings of fact in this case with respect to allegations "7(a) subdivisions (1) (2) and (3)" of the complaint herein. It was further agreed that—

"The said findings of fact shall be incorporated and made a part of this record as if the identical proof submitted by the Government in the consolidated cause known as United States v. Kuhn on the origin, aims, purposes and general character of the 'Bund' were submitted at the trial of this action and made a part hereof."

Without setting forth the findings made by Judge Bright, a reference to some of them will indicate the purposes and objectives of the "Bund." Its constitution, as adopted in or about 1935, and as from time to time revised and published, was false and misleading and designed to blind the American public to the true aims and purposes of the organization, which was dedicated to the accomplishment in the United States of the aims and purposes of German National Socialism as expounded by Adolph Hitler and the Nazi party. It stood for and taught the basic philosophical proposition of the Nazi party, that all people of German extraction were members of the German "volk;" that no member of the "volk" could ever be absorbed in or by any other nationality or race, and that every member of the "volk," regardless of what citizenship he might have acquired or derived in any other country, owed allegiance to Germany. The Bund taught that all people of German blood in the United States, regardless of their citizenship, must serve the interests of Germany first, even though those interests might conflict with the interests of the United States.

Much more to the same effect might be stated, but the foregoing is sufficient to show that the Bund was a racial and political group that was essentially disloyal to the United States, and one that sought primarily to serve the interests of the Nazi party in Germany, and to undermine, and finally destroy, the well being and happiness of the people of the United States.

Defendant, although admitting active membership and a prominent place in the New York City Chapter of the Bund, claims that he did not subscribe to all its tenets and doctrines, and that all he personally said or did was compatible with his loyalty and fidelity to the United States.

After hearing the evidence, I am satisfied that defendant is not now, and never has been, attached to the Constitution of the United States, and that when he swore allegiance to the United States and was admitted to citizenship, he was mentally and deliberately disloyal and antagonistic to our Constitution and concept of Government.

The record is replete with credible testimony that defendant, between 1937 and the time of trial, frequently expressed himself as being an ardent admirer and supporter of Adolph Hitler, and that he subscribed to the "leadership principle", a basic tenet of German National Socialism that is entirely inconsistent and at odds with democratic political ideals and institutions.

To be more specific, evidence introduced against defendant shows that he and Otto Helbing, a German citizen, sympathetic with the purposes of the Bund, became acquainted in or about 1937, when both of them were employed by Edward Ermold Company. They frequently attended meetings of the organization, and between times were closely associated at their common place of employment. Upon frequent occasions, they talked politics at the "Old Homestead Bar and Grill" on Ninth Avenue. Bante, according to Helbing, often declared, prior to 1939, that the Bund should be more positively Nazi than it was, and be exactly like the Nazi party in Germany. He declared that, in the Bund's attempt to bring about in the United States a form of government based on the principles of German National Socialism, the uniformed group of the organization should be more militant in its activities, and that he, with his military experience and background, should be its leader. From time to time, he would aver that President Roosevelt is a Jew, and his wife a negress, and that this country is run by Jews. He also declared that he would like to return to Germany and live there permanently.

Harry Daidone, a naturalized Italian, and also an employee of Edward Ermold

Company, in or about 1938, heard defendant tell a group of his German associates that now, since he had become a citizen of the United States, he could safely tell the world that he was a Nazi.

Not only this, but defendant admits himself to have been in touch upon more than one occasion with accredited representatives of the German Reich, and to one of them, he gave a quantity of dynamite. He claims that he merely wished to get rid of the explosive which, he says, had come into his possession for the purpose of being used in blasting rock in preparation for building a bungalow. It is passing strange, nevertheless, that in seeking to rid himself of a dangerous article, he should have chosen to give it to a German agent, who wished its possession. That the purpose to which the dynamite was to be put was both sinister and evil is plainly inferable. While this act, and the offense for which Bante was convicted, took place after his admission to citizenship, they are of a piece with his membership in the Bund, and his previous declarations in connection therewith. Last, but not least, the truculence of Bante's letter, in response to the allegations of the complaint, shows his continued contemptuous attitude towards the Government.

Defendant is highly intelligent, and has an aggressive and more or less dominating personality. Being an enthusiastic supporter of the Hitler régime, he might well prove dangerous to the community if given sufficient opportunity. Defendant claims to be within the protection of the doctrine enunciated in the prevailing opinion of the Supreme Court in the case of Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796, but this is not my belief. The difference between him and Schneiderman are as wide as the poles. The latter was law-abiding, reserved and philosophic in nature. The former is a felon, violent in speech, and derisive of the country. His purpose in seeking naturalization was not that he might be a loyal and law-abiding citizen, but to enable him more freely and with disloyalty to America, to serve the ends of Germany. He was never attached to the principles of our Constitution, he swore falsely when he took his oath of allegiance to the United States, and he should now be stripped of the citizenship that, at heart, he despises.

The Government may have a decree.